# Supreme Court of Texas

No. 24-0339

Webb Consolidated Independent School District,

*Petitioner*,

v.

Robert Marshall and Amy Marshall,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

JUSTICE HAWKINS, joined by Justice Young and Justice Sullivan, concurring.

I join the Court's opinion. I write separately to underscore the Court's observation that a party does not "prevail" for the purposes of recovering attorney's fees merely by obtaining a temporary injunction. Temporary injunctions exist to preserve the status quo based in part on the trial court's prediction as to who *might* prevail in the future. If that prediction does not come true for any reason, the plaintiff does not "prevail."

So why are the plaintiffs here entitled to prevailing-party status? Because the so-called "temporary injunction" issued by the trial court

was not actually a temporary injunction. This case presents an unusual statutory scheme designed to promote transparency in government by expanding access to information. The injunctive relief this statute authorizes functions as ultimate relief because once information is disclosed, as the Court aptly puts it, "there is no putting the genie back in the bottle." *Ante* at 13. And a "temporary" injunction under this statute does not preserve the status quo, but permanently alters it. *See Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). Accordingly, when the trial court ordered the defendants to disclose certain information, and defendants complied, the plaintiffs obtained ultimate relief.

Future litigants and courts should take care not to misread today's opinion. Other fee-shifting statutes may function very differently from Section 11.1512 of the Texas Education Code. Nothing in today's opinion should be read to suggest that anything short of a final judgment entitles a plaintiff to prevailing-party status.

Kyle D. Hawkins
Justice

**OPINION FILED:** April 24, 2026

2